GEORGE P. WILLIS vs. FRANK C. ANGELL, Town Treasurer of the Town of North Providence.

Under Gen. Laws R. I. cap. 40, §§ 31, 34, the town council of a town has authority to appoint a person to the office of police constable and complainant under the town ordinances, and to allow him compensation for his services rendered in that capacity, and a vote of the town to abolish Saturday night and Sunday police is not binding on the town council.

DEFENDANT'S petition for a new trial.

*October* 19, 1896. PER CURIAM. Gen. Laws R. I. cap. 40, § 31, authorizes town councils to appoint all necessary officers for the execution of their ordinances, by-laws and regulations, and to define their duties and fix their compensation where provision shall not be made by law. Section 34 of the same chapter further authorizes town councils to elect such number of police constables for their respective towns as they may deem expedient. . The plaintiff was elected by the town council of North Providence to the office of police constable, and also as complainant under the town ordinances for the year ensuing the first Monday in June, 1895. Authority for his election having been given to the town council of North Providence by the statute, and he having been elected in pursuance of it, we are of the opinion that he is entitled to compensation for the services required of him, and rendered by him in the capacity mentioned. We cannot say that it was not a part of the duty of the plaintiff, as an officer to make complaint for the violation of the town ordinances,

to patrol the streets for the purpose of informing himself in relation to infraction of the ordinances, and securing evidence to be used in the prosecution for such infractions.

The statute having conferred authority on town councils to appoint all necessary officers for the execution of their ordinances, and to fix their compensation, the vote of the town to abolish Saturday night and Sunday police did not bind the town council, and could not control or prevent its action in the election of the plaintiff, and the allowance of his compensation.

The defendant's petition for a new trial is denied and dismissed with costs.

We are of the opinion that the demurrer to the declaration on the ground of a misjoinder of counts should have been sustained by the Common Pleas Division.

The case is remitted to the Common Pleas Division with direction to permit the plaintiff, on motion, to strike out the common counts in the declaration, and when this has been done to enter judgment on the verdict.

*P. Henry Quinn*, for plaintiff.

*Willard B. Tanner & James C. Collins*, for defendant.